CLERKS OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 13 2026

LAURA A. AUSTIN, CLERK
BY: s/ H. MCDONALD
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.  ) | Criminal Action No. 4:13-cr-00003 |
| ) | |
| **FREDDIE VERNELL MIMS,**  ) | By: Hon. Robert S. Ballou |
| ) | United States District Judge |
| Defendant.  ) | |

## MEMORANDUM OPINION

Before the Court is Defendant Freddie Mims's motion to set aside forfeiture money judgment. Dkt. 89. Mims makes four arguments in support of setting aside the money judgment. First, he argues that the property should be released because he asserts Shawnta Beatty's rights to the money as an innocent owner under 18 U.S.C. § 983(d). Second, Mims contends that the property was not used for criminal wrongdoing. Third, he seeks relief based on equitable hardship. Finally, Mims argues that the imposition of $200.00 per month is unjust relative to Beatty's legitimate financial capacity.

Mims's motion must be denied. First, the government has not collected on Beatty's interest in real property. As a *pro se* litigant, Mims cannot assert Beatty's interests in his motion. Additionally, the innocent owner defense under 18 U.S.C. § 983(d) does not apply to cases of criminal forfeiture. Even if Shawnta Beatty is a third party in interest, she has not followed the proper procedures to validate any superior interest in the property under 21 U.S.C. § 853(n). Second, the fact that the property was not used for criminal wrongdoing is immaterial to collection of a forfeiture money judgment. Third, equitable hardship does not justify relief from criminal forfeiture, which is mandatory when applicable. Fourth, insofar as Mims argues that the forfeiture

money judgment violates the Excessive Fines Clause, the time to appeal the judgment has long since passed, and he has provided no evidence that the fine is excessive.

   I.      **Background**

In January 2013, a grand jury indicted Defendant Freddie Mims on two criminal counts: (1) conspiracy to possess with intent to distribute not less than 100 kilograms, but less than 1,000 kilograms, of a marijuana mixture in violation of 21 U.S.C. 846 and (2) money laundering in violation of 18 U.S.C. 1956(h). Dkt. 3 at 3–4. The indictment provided notice of the intent to seek money judgment forfeiture. *Id*. at 4–5.

In February 2014, Mims pled guilty to both counts. Dkt. 52 at 1. As part of the plea agreement, Mims agreed to a monetary judgment in lieu of forfeiture in the amount of $100,000.00. Dkt. 52 at 5. He also acknowledged that "the United States may file liens on my real and personal property that will remain in place until monetary obligations are paid in full, or until liens expire." Dkt. 52 at 7. The Court entered a preliminary forfeiture money judgment against Mims in April 2014. Dkt. 59. The Court retained jurisdiction to amend the forfeiture money judgment as necessary. *Id*. To enforce the forfeiture money judgment, the clerk issued an abstract of judgment in July 2014. Dkt. 63. The United States recorded the abstract of judgment in Los Angeles County in August 2014. In August 2014, the court sentenced Mims to 60 months imprisonment, 4 years supervised release, a special assessment of $200.00, and a forfeiture money judgment of $100,000.00. Dkt. 79, 79-1. Mims was released from prison in June 2016. Dkt. 89.

Mims has been in a relationship with Shawnta Denise Beatty[1] since before his incarceration. Dkt. 66-1. She inherited property located at 13609 Casimir Ave, Gardena, CA 90249

---

[1] Mims sometimes refers to Shawnta Beatty as his wife or fiancé, but it is not clear from the filings if they are legally married.

2

("the property") from relatives in 2014. Dkt. 92 at 2. Mims planned to, and apparently did, move into the property after his release in 2016. Dkt. 66-1 at 8. In 2019, Beatty added Mims to the title to secure a loan.[2] Dkt. 89-1 at 24–25. According to the deed Mims provided, he and Beatty own the property as joint tenants as husband and wife.[3] Dkt. 89-1 at 38, 46. Regardless of whether the tenancy is properly characterized as joint tenancy or tenancy in common, Mims holds an interest in the property. Because Mims holds title to the property and the abstract of judgment was previously recorded in Los Angeles County, the United States's lien attached to his ownership and has priority over all other liens on the property perfected later in time. Dkt. 63.

Mims negotiated several payment plans as to his forfeiture money judgment with the Department of Justice, seeking various subordination agreements to allow him to obtain loans on the property. Dkt. 89-1 at 11, 16–17. In June 2019, Mims agreed to make monthly payments of $50.00. Dkt. 92 at 2. He made one $50.00 payment in August 2019. *Id*. Later that month, Mims negotiated a new payment plan. Mims sought to renegotiate because he received a loan for $250,000.00 from Vantex Mortgage Fund, LLC, which was secured by a deed of trust on the property. Dkt. 89-1 at 11. Mims agreed to pay an initial lump sum payment of $3,000.00 and thereafter $100.00 per month starting September 1, 2019. *Id*. at 9. In exchange for the lump sum payment and payment plan, the government agreed to subordinate its lien to Vantex. *Id*. The government received $3,000.00 and two payments of $100.00 each in October. Dkt. 92-1 at 1. Thereafter, Mims stopped making the monthly payments on the forfeiture debt. Dkt. 89-1 at 16.

---

[2] Mims asserts that Beatty added him to the title in 2016, but the recorded documents submitted suggest he was not added until 2019. Dkt. 89 at 1; Dkt. 89-1 at 24–25.
[3] California does not recognize tenancy by the entirety, and a joint tenancy is formed "if appropriate language be expressed in the deed or will creating it." *Swan v. Walden*, 156 Cal. 195, 197 (1909).

3

In June 2020, the government informed Mims that it would not continue to subordinate its lien because Mims had not paid towards the judgment in eight months. *Id*. In response, Mims stated that his lender "could increase the loan amount" and offered a lump sum payment of $20,000.00 in exchange for continued subordination of the lien. *Id*. at 17. In his correspondence with the government, Mims noted that the property belonged to his fiancé, and he was only placed on the title because they were "ill-advised." *Id*. However, Mims and Beatty have made no effort to remove Mims from the title, indeed filing a new deed listing them as joint tenants in 2024. *Id*. at 38. The government proposed, and Mims accepted, a new payment plan that required Mims to (1) pay a $20,000.00 initial payment (2) pay $800.00 in overdue monthly payments (3) continue to make all future monthly payments of $100.00 in exchange for subordination. *Id*. at 18. Mims paid $20,800.00 but thereafter only paid sporadically on the forfeiture judgment. Dkt. 92-1 at 1. In August 2024, Mims obtained additional loans on the property though Forge Trust Co. and TSASU LLC totaling $467,500.00. Dkt. 89-1 at 5. Again, Mims renegotiated the payment plan on the forfeiture judgment, requesting a third subordination in exchange for a $5,000.00 lump sum payment and continuation of $100.00 monthly payments. *Id*. at 3–7. Mims paid the initial lump sum but has failed to make any additional monthly payments. Dkt. 92-1 at 2. The government asserts that Mims's outstanding forfeiture balance is $65,750.00. *Id*. Mims asserts that the outstanding balance is approximately $59,000.00. Dkt. 89-1 at 8.

On September 17, 2025, Mims filed a Motion for Relief from Forfeiture of Innocent Owner's Property, purportedly on behalf of himself and Shawnta Beatty. Dkt. 89. The government has filed a response, and this matter is now fully briefed. Dkt. 92.

## II.   Discussion

### A.  *Pro Se* Filing

4

The Court must construe *pro se* filings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, that construction "does not transform the court into an advocate." *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) (internal citations omitted). Additionally, a party proceeding *pro se* may prosecute their own case in federal court but may not litigate on behalf of others. *Sanders v. United States*, No. CV 1:17-03950, 2020 WL 4812696, at *n.2 (S.D.W. Va. Apr. 17, 2020), *report and recommendation adopted*, No. 1:17-03950, 2020 WL 4805455 (S.D.W. Va. Aug. 18, 2020) (internal citations omitted); *see also* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . ."). Specifically, the right of self-representation does not afford a lay representative the right to represent someone else. *Grayson v. United States*, No. 5:09CV53, 2009 WL 1968495 (N.D.W. Va. July 7, 2009).

Here, the Motion for Relief introduces the parties as "Freddie Vernell Mims (Defendant, *pro se*) and Shawnta Denise Beatty (Innocent Owner, *pro se*)." Dkt. 89 at 1. As a layperson, Mims is not permitted to represent Beatty. 28 U.S.C. § 1654. Beatty did not sign or otherwise endorse the Motion. As Mims is not permitted to litigate on behalf of Beatty, the motion is construed only as litigating Mims's claims.

### B. The Innocent Owner Defense

Criminal forfeiture must be imposed when, as here, the defendant is convicted of an offense in violation of 18 U.S.C. § 1956. 18 U.S.C. § 982(a)(1). The criminal forfeiture provision incorporates the procedural provisions of 21 U.S.C. § 853. 18 U.S.C. § 982(b)(1). The Fourth Circuit permits money judgments as a form of criminal forfeiture. *United States v. Cook*, No. 5:02CR30087, 2020 WL 6797353, at *2 (W.D. Va. Nov. 19, 2020) (citing cases). In cases when the criminal forfeiture provision does not specifically apply, forfeiture is still mandated when civil

forfeiture for the charged crime is authorized. *United States v. Blackman*, 746 F.3d 137, 143 (4th Cir. 2014) ("Section 2461 thus acts as a 'bridge' or 'gap filler' between civil and criminal forfeiture"). In either case, the forfeiture procedures laid out in 21 U.S.C. § 853 apply. *Id* (citing 28 U.S.C. § 2461(c)).

In his first argument for relief, Mims asserts the innocent owner defense, 18 U.S.C. § 983(d). Dkt. 89 at 1–2. The government, although opposing Mims's motion, also proceeds under the assumption that the provisions of the civil forfeiture statute, 18 U.S.C. § 981, apply. Dkt. 92 at 3. The government further argues that the United States has not sought to collect from Beatty, but only from Mims's interest in the property. *Id*. at 4. Mims was convicted of violations of 18 U.S.C. § 1956(h) and 21 U.S.C. § 846. Dkt. 79. Therefore, the criminal forfeiture applies by statute, and the provisions of the civil forfeiture statute are inapplicable. 18 U.S.C. § 982(a)(1) ("The court, in imposing a sentence on a person convicted of an offense in violation of section 1956, 1957, or 1960 of this title, shall order that person forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property."). The civil forfeiture statute cited by both Mims and the government is irrelevant. Therefore, Mims's first argument fails.

Construing the filing liberally, as is required for *pro se* litigants, Mims's claim for relief on Beatty's behalf as an innocent owner properly falls under 21 U.S.C. § 853(n), which protects third party interests. To obtain relief under § 853(n), a person other than the defendant asserting legal interest in a property ordered forfeit may be entitled an amendment of the forfeiture order if they (1) petition the court attesting superior ownership and (2) prove at a hearing by a preponderance of the evidence that:

> (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the

6

      commission of the acts which gave rise to the forfeiture of the property under this section; or
      (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section;

21 U.S.C. § 853(n)(6). Similarly, Rule 32.2(c)(1) permits a third party to file a petition asserting an interest in the property to be forfeited. However, "if no third-party files a timely petition, the preliminary order becomes the final order of forfeiture if the court finds that the defendant . . . had an interest in the property that is forfeitable under the applicable statute." Fed R. Crim. P. 32.2(c)(2).

    Mims's first claim must fail because, as the government correctly asserts, the United States's lien only attaches to Mims's interest in the property. Mims and Beatty appear to own the property as joint tenants as husband and wife. Dkt. 89-1 at 46. Beatty has not sought to partition the property.[4] Therefore, there is no innocent third party unfairly burdened by the lien.

    Even assuming Beatty has a claim under § 853(n), Mims's claim for relief on behalf of an innocent owner fails. Under 21 U.S.C. § 853(n), a person "other than the defendant" asserting a superior interest in property must petition the court for relief. The petitioner alleging an interest in the property must petition the Court for a hearing to adjudicate the validity of that interest. 21 U.S.C. § 853(n)(2). The petition must be "signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition . . . and any additional facts." 21 U.S.C. § 853(n)(3). Because Mims cannot represent Shawnta Beatty in his capacity as a *pro se* litigant

---

[4] As it is not raised, the Court does not address the propriety of partitioning the property, nor whether it would be possible under California law if Mims and Beatty are joint tenants.

and Shawnta Beatty has neither brought this action, nor followed any of the procedures listed above, any claim for relief under 21 U.S.C. § 853(n) must be denied.

### C. Property Subject to Forfeiture

Proceeds obtained through criminal activity are subject to forfeiture. *United States v. Dong*, 252 F. Supp. 3d 447, 456 (D.S.C. 2017). Proceeds include all total proceeds of the crime, not only those remaining in the defendant's possession at the time of conviction. *Blackman*, 746 F.3d at 144. A forfeiture money judgment is *in personam* and therefore continues to be a debt owed by the defendant until fully satisfied through future earnings or forfeiture of substitute assets. *United States v. Adcock*, No. 4:02-CR-79-H, 2017 WL 2574008, at *2 (E.D.N.C. June 14, 2017).

Mims has not challenged the validity of any part of his sentence, including the forfeiture money judgment. Dkt. 92 at n.2. He does not dispute that his property interests are subject to forfeiture but asks that the forfeiture money judgment be set aside. Dkt. 89. As discussed above, Mims cannot assert any claims on Shawnta Beatty's behalf when appearing as a *pro se* litigant. Although *pro se* filings are construed liberally, the court must not transform liberal construction into advocacy. *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012). Therefore, Mims's motion is not construed as alleging a procedural defect in the forfeiture money judgment itself, so that issue is not addressed here.

Even assuming procedural defect in the forfeiture money judgment, Mims's claims must fail. Federal Rule of Criminal Procedure 32.2 governs criminal forfeiture. First, the government must provide notice of intent to seek forfeiture. *United States v. Oregon*, 671 F.3d 484, 487 (4th Cir. 2012). Second, after a guilty plea, the court must determine the amount subject to forfeiture. *Id*. This provision prevents a criminal defendant from merely spending ill-gotten proceeds to avoid forfeiture, as "[t]he fact that a defendant has dissipated or transferred the profits or proceeds before

conviction will not prevent the government from reaching and forfeiting the full amount of the ill-gotten gains, because presumably the government can collect this money judgment against any of the assets the defendant still owns." IRM § 9.7.3.2.1. Unlike forfeiture of specific property, forfeiture of assets to satisfy a money judgment is permitted even if the assets are not traceable to the offense conduct. *Blackman*, 746 F.3d at 145 ("[Money] judgments would seem especially appropriate where physical assets derived from the conspiracy are no longer traceable or available."). Third, "[i]f the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment." Fed. R. Crim. P. 32.2(b)(2)(A). The preliminary order of forfeiture becomes final at sentencing, or when the defendant consents. Fed. R. Crim. P. 32.2(b)(4)(A).

Collection on a forfeiture money judgment proceeds in the same way as collection from a civil defendant. *Cook*, 2020 WL 6797353 at *2. Under 28 U.S.C. § 3201, "[a] judgment in a civil action shall create a lien on all real property of a judgment debtor on filing a certified copy of the abstract of the judgment . . .. A lien created under this paragraph is for the amount necessary to satisfy the judgment, including costs and interest." Therefore, the government may file a lien on real property to collect a forfeiture money judgment.

The United States provided notice of intent to seek money judgment by forfeiture. Dkt. 3 at 4-5. The United States also had a factual basis for forfeiture in the amount of $100,000.00 based on the statements in Mims's plea agreement. Dkt. 52. The court entered the forfeiture money judgment, which became final when Mims consented, which occurred at the entry of his guilty plea. Dkt. 52 at 5. Still, Mims challenges the collection on the forfeiture money judgment on two separate grounds.

9

First, Mims argues for "[r]elease of Shawnta Denise Beatty's interest in the property." Dkt. 89 at 1. He does not object to the validity of the forfeiture money judgment against him personally, nor has he appealed any part of his sentence. The government responds that Beatty's interest in the property is not subject to forfeiture, and she could freely seek a mortgage on her interest in the property free of the United States's lien on Mims's interest. I agree. Beatty's interest in the property is not subject to the forfeiture money judgment. The forfeiture money judgment applies only to Mims's own interest in real property. Dkt. 63 ("this Judgment . . . creates a lien on all property of the *defendant*") (emphasis added). Because Mims owns a 50% share of the property, the government's lien attaches to his interest and Beatty's interest in the property is not implicated.

Second, Mims argues that the property should not be subject to forfeiture because it lacks a substantial connection to criminal activity. Dkt. 89 at 2. After the Court makes a valid determination as to the amount of a judgment, the government may collect on the judgment in the same way it may collect from a civil debtor. *Cook*, 2020 WL 6797353 at *2. The government filed the abstract of judgment in the land records where the property is located creating a lien on Mims's property that attached when the forfeiture money judgment became final. Dkt. 63. Once Beatty added Mims to the title, the property became subject to the abstract of judgment. Therefore, collection on the forfeiture money judgment was proper, and the lack of connection between the property and the offense conduct is immaterial. Thus, Mims's second argument fails.

### D.  Equitable Hardship and Disproportionality

Criminal forfeiture is mandatory when applicable. 18 U.S.C. § 982(a)(1) ("The court . . . shall order that the person forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property."). The fact that the defendant cannot satisfy a judgment does not frustrate a forfeiture order. *Blackman*, 746 F.3d at 144. Criminal

forfeiture should correspond with the amount the defendant received in connection with commission of the offense. Forfeiture may be found unconstitutional under the Excessive Fines Clause if it is "grossly disproportional to the gravity of [Mims]'s offense." *United States v. Jalaram, Inc.*, 599 F.3d 347, 355 (4th Cir. 2010) (quoting *United States v. Bajakajian*, 524 U.S. 321, 324 (1998). The Fourth Circuit recently held that insofar as a defendant's means are evaluated as part of the proportionality assessment, the fact that a defendant cannot satisfy the forfeiture judgment does not render it unconstitutional. *United States v. Bennett*, 986 F.3d 389, 400 (4th Cir. 2021). The order of forfeiture becomes final at sentencing, or when the defendant consents, at which time the right to appeal begins to run. Fed. R. Crim. P. 32.2(b)(4)(C). The defendant has 14 days to file a notice of appeal to challenge the forfeiture money judgment once it becomes final. Fed. R. App. P. 4(b)(1).

As to equitable hardship, Mims argues that he qualifies for relief because Beatty's medical problems make it difficult for him to make payments. Dkt. 89 at 2; Dkt. 89-1 at 67–131. The government does not squarely address this argument, merely noting that Mims has not provided the United States with financial information. Criminal forfeiture is mandatory and unless the forfeiture amount is disproportionate in violation of the Excessive Fines Clause, the inability to pay will not justify relief. 18 U.S.C. § 982(a)(1); *Blackman*, 746 F.3d at 144; *Bennett*, 986 F.3d at 400. I find that Mims's argument as to equitable hardship fails.

As to disproportionality, Mims alleges that $200.00 per month payment towards the money judgment forfeiture is disproportionate. Dkt. 89 at 2.[5] Mims relies on 18 U.S.C. § 983(g), which does not apply in a criminal forfeiture case (see above). I construe Mims's *pro se* pleadings

---

[5] Insofar as Mims argues that the sums are unjust as applied to Beatty, Mims claims fail because he cannot represent another as a *pro se* litigant. *See supra*, Part II.A.

liberally to argue that the criminal forfeiture in his case violates the Excessive Fines Clause. In assessing disproportionality, the defendant's family hardship is not considered. *Jalaram*, 599 F.3d at 355. More importantly, 19 years have passed since Mims's conviction became final. Dkt. 79. The time in which to challenge the forfeiture money judgment has long since passed. Therefore, Mims's argument as to disproportionality fails.

### III.   Conclusion

For the foregoing reasons, Defendant Mims's Motion for Relief from Forfeiture of Innocent Owner's Property is **DENIED**.

It is so **ORDERED**.

Entered:  January 13, 2026

*Robert S. Ballou*

Robert S. Ballou
United States District Judge